```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

GENESIS AGREGADOS HONDURAS, S.A. §
De C.V.,                         §
                                 §
            Plaintiff,           §
                                 §
VS.                              §   CIVIL ACTION H-12-0242
                                 §
TOM CROSS,                       §
                                 §
            Defendant.           §
```

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, seemingly alleging fraud, unjust enrichment, and reformation of contract regarding the lease and/or purchase of an antimony concession in Santa Rita de Santa Barbara, Honduras known as the "El Caliche" mine purportedly owned by Defendant Tom Cross ("Cross), is Cross's motion to dismiss first amended complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b)(instrument #18).

The Court previously granted Cross's initial motion to dismiss the original complaint (#16), but granted leave to Plaintiff Genesis Agregados Honduras, S.A. De C.V. ("Plaintiff" or "Genesis") to file an amended complaint to cure the deficiencies of the first. The amended complaint (#17) summarily reasserts all allegations of the original and adds an affidavit from Julio Zavala, the alleged

president and CEO of Plaintiff, with ten exhibits attached.[1]  The Court hereby incorporates into the instant Opinion and Order its earlier Opinion and Order of February 1, 2012 (#16), which addressed the few alleged facts, provided Texas law for potential causes of action but ordered Plaintiff to show why Texas law should apply, and highlighted the significant deficiencies in Plaintiff's original complaint.

Cross's current motion to dismiss contends that Plaintiff has failed to address the deficiencies identified by the Court:  (1) Plaintiff, a Louisiana corporation, has failed to explain why Texas law (or any other law) should apply to this case about the ownership and operation of a mining concession in Honduras[2]; (2) Plaintiff fails to identify specific causes of action by name and

---

[1] Zavala claims that Cross should have known at all times that Zavala was acting in his official capacity and representing Genesis since all the checks issued to Direccion Ejecutiva De Fomento A La Mineria and to Cross's attorney/sister-in-law Sylvia Nohemy Martinez Doblado (exhibits 1-10 to Exhibit A to #17) were issued on account No. 01999280 of Genesis with Ficohsa Bank, San Pedro Sula, Honduras and because Cross was a party to all correspondence and contact by Genesis with Ficohsa relating to the concession and delinquent fees and taxes owed on the concession.  Some of these exhibits are too light to read and none are self-explanatory as there is no clear indication to what they relate.  Nor do they cure Genesis' standing or pleading problems.

[2] Plaintiff fails to identify and the Court does not have sufficient facts, despite requiring Plaintiff to amend its complaint, to identify what law would apply to what appears to be, but is not clearly, a mixture of contract and fraud claims.

to set forth the elements of each[3]; (3) Genesis has failed plead a claim for breach of contract or shown that it was ever a party to any contract to own or operate this concession or was ever a signatory party to any contract for this concession, or that Julio Zavala ever executed a contract with the authority of Genesis, or that it had standing to assert such a claim,[4] but instead brings a totally new claim for reformation of contract without identifying the applicable law and without setting forth elements or facts to support it; (4) Plaintiff has failed to plead fraud with particularity; (5) Plaintiff has failed to allege facts to state a claim for unjust enrichment; and (6) Plaintiff has failed to state

---

[3] Cross points out that in its previous order the Court identified several potential causes of action that Plaintiff might be asserting (breach of contract, common law fraud or fraud in the inducement, unjust enrichment, and negligent misrepresentation) and required Plaintiff to satisfy pleading requirements for each if it wished to assert such claims.

[4] The Court ordered that if a written contract exists, Plaintiff should attach a copy to its amended pleading. Plaintiff has attached a "Lease with Option to Buy Agreement" between Cross and Zavala (Ex. B to #17), which was also submitted as an attachment to its opposition to Cross's first motion to dismiss (#9-1), that names Julio Zavala as "Lessee" and is signed by Zavala, without any notation that Zavala is acting as a representative of Plaintiff, nor does it mention Genesis at all. Moreover Zavala states in his affidavit (#17-1 at p.3, ¶ 8) that the lease/purchase agreement was prepared by Cross's attorney or notary in Houston, that it incorrectly reflected that Zavala personally was to be the lessee/purchaser, that Zavala pointed this error out to Cross before the agreement was executed, that Cross represented that it would be corrected, but that Zavala executed the Agreement in his individual capacity anyway, as erroneously written, due to "urgency." The Court notes that both the agreement and Zavala's affidavit were notarized in Honduras.

a claim for negligent misrepresentation, which it raised only in its opposition to Cross's first motion to dismiss and failed to mention or to plead supporting facts in the first amended complaint.  Cross contends that the first amended complaint is "a poorly drafted attempt to supplement the Original Complaint" that "merely adds a foreign and conclusory affidavit supposedly executed by Julio Zavala in Honduras, without any meaningful explanation of how the alleged facts of Zavala's affidavit establish any cause of action under Texas law."  #18 at p.2.  Moreover Zavala's affidavit (Ex. A to #17) states that Plaintiff took all actions and expended all monies based on a "verbal agreement"; therefore the affidavit is an admission that the statute of frauds defeats Plaintiff's contract claim.  In addition the amended complaint and Zavala's affidavit assert that Cross was not the owner of the concession.  #17, p. 2, ¶ VI and VII; #17-1 p. 3, ¶ 9.  Therefore Plaintiff fails to state a claim for breach of contract.

Cross contends that because Genesis now realizes that it has no basis for a breach of contract claim, Zavala's affidavit newly seeks "reformation of contract [Lease With Option to Buy Agreement, Ex. B]. . . to reflect complainant to be the contracting party with Defendant in place of Julio Zavala."  #17, Ex. A.  It fails to plead any facts to support the elements of this equitable cause of action.  As indicated in footnote 4 of this Opinion and Order, Zavala's affidavit states that he executed the agreement in his

individual capacity, a fact that he cannot now get around. Zavala now claims that Cross made a verbal representation to him that Cross would later amend the contract to reflect that Genesis was the lessee/purchaser.

Cross responds in opposition that if Texas law applies, a plaintiff seeking reformation of a contract must prove (1) an original agreement between the parties and (2) a mistake by both parties occurring after the original agreement in reducing the original agreement to writing. *Comiskey v. FH Partners, LLC*, 373 S.W. 3d 620, 633 (Tex. App.--Houston [14th Dist.] 2012, pet. denied). Mutual mistake "'must not routinely be available to avoid the result of an unhappy bargain.'" *Id.*, quoting *Williams v. Glash*, 789 S.W. 2d 261, 265 (Tex. 1990). A court cannot make a contract to which the parties had not agreed. *Id.* Even if that allegation about correction is true, it is a representation about an agreement that had already been drafted, and therefore reformation is not available. *Comiskey*, 373 S.W. 3d at 634 ("[E]ven assuming, as we must, that Sellers made those representations [about the deal between the parties], they were representations about a document that had already been drafted but not yet signed; the statements do not constitute contract negotiations or a meeting of the minds. Therefore they are not evidence of mutual mistake."), citing *Cherokee Water Co. v. Forderhause*, 741 S.W. 2d 377, 379 (Tex. 1987)("The underlying

objective of reformation is to correct a mutual mistake made in *preparing* a written instrument, so that the instrument truly reflects the *original* agreement of the parties. By implication, then, reformation requires two elements: (1) an original agreement and (2) a mutual mistake made *after* the original agreement, in reducing the original agreement to writing. A court is without power to make a contract that the parties did not make; an actual agreement reached prior to the drafting of the instrument involved is a prerequisite to an action for reformation." [citations omitted]). The Court observes that a recent Fifth Circuit opinion addressing the same Texas law is in accord. *Technical Automation Services Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 408 (5th Cir. 2012). In reformation, the court expunges obligations to which the parties have not assented in reaching the original agreement. *Id.* Thus under Texas law Zavala's claim that Cross promised to correct the error and indicate that Zavala signed in his official capacity would be expunged.

The arguments put forth in Plaintiff's opposition (#19) are legally inaccurate and meritless, so the Court does not summarize them.

Thus after reviewing the first amended complaint and related briefs, the Court agrees with Cross that under Rules 12(b)(6) and 9(b) Genesis fails to state a claim for which relief may be granted. Genesis has failed to identify and support with facts

what law applies here; has failed to allege facts establishing that Genesis has standing to bring these vague allegations; has failed to plead fraud with the required particularity under Rule 9(b); has failed to state a claim for breach of contract or reformation of the lease/purchase agreement; and has failed to state facts supporting claims for negligent misrepresentation or unjust enrichment.

Accordingly, the Court

ORDERS that Cross's motion to dismiss is GRANTED and this case is DISMISSED.

**SIGNED** at Houston, Texas, this  16th  day of  May , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE